UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES PARRISH HADDOX, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-368-DRL-MGG |
| JEFFERY HEFFELLFINGER, DAVIN SMITH, and JEREMY NIX, | |
| Defendants. | |

OPINION AND ORDER

James Parrish Haddox, a prisoner without a lawyer, filed an amended complaint suing a State Prosecuting Attorney and two State court judges. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Haddox alleges Prosecuting Attorney Jeremy Nix wrongfully filed criminal charges against him; cursed at him in court; threw papers on the floor of the courtroom; and refused to recuse himself from the state criminal prosecution of Mr. Haddox. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

"Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotations and citation omitted). Mr. Haddox disagrees with the decisions and behavior of Prosecuting Attorney Jeremy Nix, but he is nevertheless immune from suit.

Mr. Haddox alleges Magistrate Judge Jeffery Heffellfinger denied his motion for a fast and speedy trial. He alleges Magistrate Judge Davin Smith denied his motion for a change of prosecutor and a change of venue. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Mr. Haddox disagrees with the rulings of Magistrate Judges Jeffery Heffellfinger and Davin Smith, but they have judicial immunity because ruling on motions was within their jurisdiction.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

October 30, 2023 　　　　　　　　　　　　　　　 *s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　　　 Judge, United States District Court